# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**THOMAS B. GOLDSBY, JR., TRUSTEE OF THE**      **PLAINTIFF**
**GOLDSBY-MATTHEWS TRUST,**

**V.**      **CASE NO. 2:05CV254**

**WILLIAM WENZEL**      **DEFENDANT**

## ORDER

This cause comes before the court on the plaintiff's motion [15-1] to remand. The court has reviewed the briefs and submissions and is prepared to rule.

On December 22, 2005, the defendant removed this action from the Chancery Court of Tunica County, Mississippi alleging diversity jurisdiction pursuant to 28 U.S.C. 1332 and that the action arises under a decree of the United States Supreme Court thereby making the instant action removable pursuant to 28 U.S.C. 1331.

As the plaintiff's complaint prays for relief in a sum not to exceed $40,000, this court does not have diversity jurisdiction over this matter as the amount in controversy does not reach the threshold requirement. Further, the defendant's claim that federal question jurisdiction is appropriate pursuant to 28 U.S.C. 1331 must also fail. The defendant cites *Mississippi v. Louisiana*, 506 U.S. 73, 113 S.Ct 549, 121 L.Ed.2d (1992) for the proposition that boundary disputes involving state borders are necessarily federal questions to be heard in federal court. That is not so. The matter at hand involves a boundary dispute between private parties. Like this case, the original parties in *Mississippi v. Louisiana* were private citizens of different states engaged in a conflict over personal property boundaries that happened to coincide with state

boundaries.  However unlike this case, these parties were before the federal court based on diversity jurisdiction, not federal question jurisdiction.  As there is no federal question in the instant matter, the plaintiff's motion [15-1] to remand is GRANTED.  This case is hereby remanded to the Chancery Court of Tunica County, Mississippi.

This the 5th day of January, 2007.

        **/s/ Michael P. Mills**
        **UNITED STATES DISTRICT JUDGE**